Cullen, J.
I think it plain that the plaintiff was allowed to testify to payments made to defendant’s intestate personally. The plaintiff had testified to certain sales of the firm property and his receipt of the purchase money. He was then asked by his counsel, “of all the whiskey sold, what portion of the returns have you retained?” This question was objected to, but the objection was overruled. The witness answered one-half; cross-examination developed the fact that witness claimed that he had paid the deceased one-half of the returns, and that hence he himself had retained only the other half. The defendant’s counsel then moved to strike out the testimony of the witness as to these payments, which was denied. Both the objection to the original question and the subsequent motion were based on the ground that the testimony related to personal transactions with the deceased. That this testimony was improper cannot be doubted. The defendant’s objection was timely. If the original question did not necessarily show the incompetency of the testimony, the defendant had. the right'to cross-examine the witness in regard to the answer without waiving his objection, and when from such examination it appeared that the testimony related to personal transactions with the deceased, the testimony should have been stricken out. The refusal of the referee to grant the motion was erroneous.
The judgment should be reversed, a new trial ordered, and the order of reference vacated.
Barnard, P. J., and Dykman, J., concur.